THOMAS HOLDEN (No. 130277)
*tholden@trenklawfirm.com*
TRENK, DiPASQUALE, DELLA
   FERA & SODONO, P.C.
1939 Harrison Street, Suite 711
Oakland, CA  94612
Telephone: 510.891.8687
Facsimile: 510.891.8627

Attorneys for Plaintiff
THE BURLINGTON
INSURANCE COMPANY

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| THE BURLINGTON INSURANCE COMPANY,<br><br>           Plaintiff,<br><br>      vs.<br><br>ARMANO LUXURY ALLOYS, INC.; DZINESQUARE, INC.; GENERAL STAR INDEMNITY COMPANY; GREAT AMERICAN E & S INSURANCE COMPANY; HARTFORD FIRE INSURANCE COMPANY; and THE TRAVELERS PROPERTY CASUALTY COMPANY OF AMERICA,<br><br>           Defendants. | Case No. 2:15-CV-1504<br><br>COMPLAINT FOR REIMBURSEMENT OF DEFENSE COSTS, DECLARATORY JUDGMENT, EQUITABLE CONTRIBUTION AND EQUITABLE INDEMNITY |

Plaintiff The Burlington Insurance Company ("Burlington") complains of defendants Armano Luxury Alloys, Inc. ("Armano"); DzineSquare, Inc. dba 2 Crave ("2 Crave"); General Star Indemnity Company ("General Star"); Great American E & S Insurance Company ("Great American"); Hartford Fire Insurance Company ("Hartford"); and The Travelers Property Casualty Company of America ("Travelers"), as follows:

## THE PARTIES, JURISDICTION AND VENUE

1. Plaintiff Burlington is a corporation organized and existing under the laws of the State of North Carolina, with its principal place of business in the State of North Carolina, and therefore is a citizen of North Carolina.

2. Defendant Armano is a corporation organized and existing under the laws of the State of California, with its principal place of business in South El Monte, California, and therefore is a citizen of California.

3. Defendant 2 Crave is a corporation organized and existing under the laws of the State of California, with its principal place of business in La Mirada, California, and therefore is a citizen of California.

4. Defendant General Star is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Stamford, Connecticut, and therefore is a citizen of both Delaware and Connecticut.

5. Defendant Great American is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business in Cincinnati, Ohio, and therefore is a citizen of both Delaware and Ohio.

6. Defendant Hartford is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and therefore is a citizen of Connecticut.

7. Defendant Travelers is a corporation organized and existing under the laws of the State of Connecticut, with its principal place of business in Hartford, Connecticut, and therefore is a citizen of Connecticut.

COMPLAINT FOR REIMBURSEMENT OF DEFENSE COSTS

8. General Star, Great American, Hartford and Travelers are referred to collectively herein as the "Insurer Defendants."

9. This case arises out of an underlying case in the United States District Court for the Central District of California, entitled *DzineSquare, Inc. dba 2 Crave v. Armano Luxury Alloys, Inc.*, No. 14-cv-01918-JVS-JCG (the "Underlying Action").

10. This case concerns a dispute over insurance coverage for the Underlying Action against Armano.

11. Burlington has incurred over $150,000 in attorneys fees and litigation expenses in the defense of Armano in the Underlying Action.

12. Jurisdiction is thus proper, as there is complete diversity of citizenship between the plaintiff on the one hand and the defendants on the other, and the amount at issue exceeds $75,000.

13. Venue in this district is proper, as both Armano and 2 Crave have their principal places of business in this district and the dispute arose in this district.

## FACTUAL BACKGROUND

A. <u>The Burlington Policy</u>

14. Burlington issued to Armano insurance policy No. HGL0023103 (the "Policy"). The Policy provides commercial general liability insurance for the policy period December 20, 2009 to December 20, 2010, subject to a $1 million Personal and Advertising Injury Limit.

15. The Policy provides that Burlington "will pay those sums that the insured becomes legally obligated to pay as damages because of 'personal and advertising injury' to which this insurance applies. We will have the right and duty to defend the insured against any 'suit' seeking those damages. However, we will have no duty to defend the insured against any 'suit' seeking damages for 'personal and advertising injury' to which this insurance does not apply."

16. "Personal and advertising injury" is defined in the Policy as injury

arising out of one or more of a list of offenses including:

* Oral or written publication, in any manner, of material that . . . disparages a person's or organization's goods, products or services;

* The use of another's advertising idea in your "advertisement"; or

* Infringing upon another's . . . trade dress . . . in your "advertisement".

17. The Policy contains an endorsement entitled "EXCLUSION – INTELLECTUAL PROPERTY," which excludes coverage for injury or damage that results from the "actual or alleged infringement, or violation of any intellectual property rights or laws, including but not limited to … Patent; Trade dress … or Trademark."

B. The Insurer Defendants' Policies

18. On information and belief, the Defendant Insurers insured Armano under the following general liability insurance policies:

| INSURER | POLICY NO. | POLICY PERIOD |
|---|---|---|
| Hartford: | No. 72 CES OA9459 | 12/20/2005 to 12/20/2006 |
| Hartford: | No. 72 CES OA9459 | 12/20/2006 to 12/20/2007 |
| Great American: | No. PL 5613061-00 | 12/20/2007 to 12/20/2008 |
| Great American: | No. PL 5613061-01 | 12/20/2008 to 12/20/2009 |
| General Star: | No. 1YG411885 | 12/20/2010 to 12/20/2011 |
| General Star: | No. 1YG411885A | 12/20/2011 to 12/20/2012 |
| Travelers: | 1-660-7C042256-TIL-12 | 12/20/2012 to 12/20/2013 |

C. The Underlying Action

19. On March 13, 2014, 2 Crave filed the Underlying Action against Armano in the United States District Court for the Central District of California ("Complaint").

COMPLAINT FOR REIMBURSEMENT OF DEFENSE COSTS

20. The Complaint alleges that 2 Crave is in the business of manufacturing and selling aftermarket wheels for motor vehicles.

21. The Complaint alleges that on March 19, 2013, 2 Crave filed an application for a design patent on the "ornamental design for a vehicle wheel," and that design patent (U.S. Patent No. D689,809 S) issued on September 17, 2013. (Complaint, ¶ 1 and Exh. A.)

22. The Complaint alleges that Armano has engaged in "willful, unauthorized, and brazen copying of 2 Crave's" patented design, and "copied 2 Crave's trade dresses . . . for the purpose of selling its own lower-quality, knock-off wheels." (Complaint, ¶¶ 1 & 3.) Such copying "confuses consumers into believing that Defendant's wheels come from, are sponsored or licensed by, or are associated or affiliated with 2 Crave" and "dilutes 2 Crave's trade dresses." (Complaint, ¶ 4.)

23. The Complaint alleges that Armano's infringement creates the "possibility that the 2 Crave Trade Dresses and Patent will no longer serve as a unique identifier of 2 Crave's wheels to U.S. consumers," and is "likely to diminish the apparent exclusivity of genuine 2 Crave wheels and dilute the brand." (Complaint, ¶ 37.)

24. 2 Crave also alleges that Armano's "use of the famous and distinctive 2 Crave Patent and Trade Dresses is likely to diminish, blur, and/or tarnish the 2 Crave Patent and Trade Dresses, thereby diluting its distinctive qualities and causing reputational harm to 2 Crave." (Complaint, ¶ 41.)

25. Based on these allegations, 2 Crave asserts claims for:
    (1)    Patent Infringement;
    (2)    Federal Trade Dress Infringement;
    (3)    Federal Trade Dress Dilution;
    (4)    State Trade Dress Dilution and Injury to Business Reputation;
    (5)    Common Law Unfair Competition;
    (6)    State Unfair and Deceptive Trade Practices;

   (7) Common Law Misappropriation; and

   (8) Violation of Business and Professions Code §§ 17500 et seq.

26. By letter dated June 10, 2014, Burlington agreed to defend Armano in the Underlying Action, but reserved its rights to, among other things, deny coverage for the claims alleged in the Complaint and seek reimbursement of fees and costs incurred in defending Armano.

27. On February 9, 2015, the court in the Underlying Action granted Armano's motion for summary judgment. The time for filing an appeal has not yet run.

## FIRST CLAIM

(Against Armano for Reimbursement of Defense Costs)

28. Burlington incorporates by this reference all of the foregoing paragraphs.

29. There is and was no potential for coverage for the Underlying Action under the Burlington Policy, because each claim either fails to seek any damages within the scope of coverage of the Burlington Policy, or is excluded by the Burlington Policy's Intellectual Property Exclusion.

30. Burlington therefore never had a duty to defend Armano in the Underlying Action.

31. Burlington nevertheless agreed to provide a defense to Armano against the Complaint in the Underlying Action, and incurred over $150,000 in fees and expenses in providing that defense.

32. When it agreed to provide a defense to Armano, Burlington reserved the right to reimbursement of any defense fees or expenses incurred in the defense of uncovered claims.

33. Because none of the claims in the Underlying Action were potentially covered, Burlington is entitled to recover all of the fees and costs it has incurred on behalf of Armano in the defense of the Underlying Action, in an amount to be

determined at trial.

34. In the alternative, Burlington is entitled to recover the fees and costs it incurred on behalf of Armano in the defense of uncovered claims in the Underlying Action, in an amount to be determined at trial.

## SECOND CLAIM

(Against Armano for Declaratory Judgment re Duty to Defend)

35. Burlington incorporates by this reference all of the foregoing paragraphs.

36. There is no potential for coverage for the Underlying Action under the Burlington Policy, because each claim either fails to seek any damages within the scope of coverage of the Burlington Policy, or is excluded by the Burlington Policy's Exclusion for Intellectual Property.

37. Burlington therefore does not have a duty to defend Armano in the Underlying Action.

38. On information and belief, Armano disagrees with Burlington's position, and contends that Burlington does have a duty to defend Armano in the Underlying Action.

39. There thus exists an actual controversy between Burlington and Armano regarding whether Burlington has a duty to defend Armano in the Underlying Action.

40. Burlington therefore requests a declaration that it has no duty to defend Armano in the Underlying Action.

## THIRD CLAIM

(Against Armano and 2 Crave for Declaratory Judgment re Duty to Indemnify)

41. Burlington incorporates by this reference all of the foregoing paragraphs.

42. The claims against Armano in the Underlying Action are not covered under the Policy, and Burlington therefore cannot have any duty to indemnify

Armano for any judgment or settlement based on those claims.

43. On information and belief, Armano and 2 Crave disagree with Burlington's position, and contend that Burlington might have a duty to indemnify Armano for the claims in the Underlying Action.

44. There thus exists an actual controversy between Burlington and Armano and 2 Crave regarding whether the claims in the Underlying Action are necessarily excluded from coverage under the Burlington Policy so that Burlington cannot have a duty to indemnify Armano in connection with the Underlying Action.

45. Burlington therefore requests a declaration that it has no duty to indemnify Armano in connection with the Underlying Action.

## FOURTH CLAIM
(Against Insurer Defendants for Equitable Contribution)

46. Burlington incorporates by this reference all of the foregoing paragraphs.

47. If Burlington has a duty to defend Armano in the Underlying Action, Burlington is informed and believes and on that basis alleges that the Insurer Defendants each have a duty to defend Armano in the Underlying Action as well.

48. If Burlington is ultimately found to have a duty to indemnify Armano in the Underlying Action, Burlington is informed and believes and on that basis alleges that the Insurer Defendants each will have a duty to indemnify Armano in the Underlying Action as well.

49. Burlington therefore is entitled to equitable contribution from some or all of the Insurer Defendants toward any defense and/or indemnity obligations incurred by Burlington in connection with the Underlying Action.

## FIFTH CLAIM
(Against Insurer Defendants for Equitable Indemnity)

50. Burlington incorporates by this reference all of the foregoing paragraphs.

51. There is no potential for coverage for the Underlying Action under the Burlington Policy, because each claim either fails to seek any damages within the scope of coverage of the Burlington Policy, or is excluded by the Burlington Policy's Exclusion for Intellectual Property.

52. Burlington therefore never had, and does not now have, a duty to defend Armano in the Underlying Action.

53. Burlington is informed and believes and on that basis alleges that the Insurer Defendants each have a duty to defend Armano in the Underlying Action.

54. The claims against Armano in the Underlying Action are not covered under the Policy, and Burlington therefore cannot have any duty to indemnify Armano for any judgment or settlement based on those claims.

55. Burlington is informed and believes and on that basis alleges that the Insurer Defendants each will have a duty to indemnify Armano in the Underlying Action.

56. Burlington therefore is entitled to equitable indemnity from some or all of the Insurer Defendants for any defense and/or indemnity obligations incurred by Burlington in connection with the Underlying Action.

## PRAYER FOR RELIEF

Burlington therefore prays for relief as follows:

1. On the First Claim, for reimbursement by Armano of the fees and costs incurred by Burlington in the defense of the Underlying Action, in an amount to be determined at trial;

2. On the Second Claim, for a declaration that Burlington has no duty to defend Armano in the Underlying Action;

3. On the Third Claim, for a declaration that Burlington has no duty to indemnify Armano in connection with the Underlying Action;

4. On the Fourth Claim, for an equitable allocation with the Insurer Defendants of any defense and/or indemnity obligations incurred by Burlington in

COMPLAINT FOR REIMBURSEMENT OF DEFENSE COSTS

1  connection with the Underlying Action;

2      5.    On the Fifth Claim, for an order requiring some or all of the insurer defendants to indemnify Burlington for any defense and/or indemnity obligations incurred by Burlington in connection with the Underlying Action;

    6.    for its costs of suit; and

    7.    for such other and further relief as the Court may award.

DATED: March 2, 2015        TRENK, DiPASQUALE, DELLA FERA & SODONO, P.C.

By: */s/ Thomas Holden*
    Thomas Holden

Attorneys for Plaintiff
THE BURLINGTON INSURANCE COMPANY

4837-1550-5435, v. 3

- 9 -

COMPLAINT FOR REIMBURSEMENT OF DEFENSE COSTS